UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
                                            :

LEON HUNTER,                                  :

                      Plaintiff,            :    09-CV-05540 (JS)

        - against -                 :    **VERIFIED ANSWER,**
                                        :    **AFFIRMATIVE DEFENSES,**
KLEIN KAUFMAN CORP. d/b/a MCDONALD'S,    :    **AND COUNTERCLAIMS**

                    Defendant.          :
-----------------------------------------------------------------x

      Defendant Klein Kaufman Corporation d/b/a McDonald's ("KKC"), by and through its attorneys, Seyfarth Shaw LLP, answers the Complaint of Plaintiff *Pro Se* Leon Hunter ("Plaintiff") as follows:

      1.     KKC denies the allegations contained in the unnumbered paragraph on page 1 of the Complaint, except admits that Plaintiff purports to proceed pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978, and by the Civil Rights Act of 1991, Pub. L. No. 102-166).

      2.     KKC denies the allegations contained in the unnumbered paragraph on page 2 of the Complaint, except admits that this Court has subject matter jurisdiction over Plaintiff's federal claims.

      3.     KKC denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph number 1 of the Complaint, except avers that the address Plaintiff provided KKC during his employment was an Amityville, New York address.

      4.     KKC admits that it maintains a place of business at the address contained in paragraph 2 of the Complaint.

      5.     KKC denies the allegations contained in paragraph 3 of the Complaint.

6. KKC denies the allegations contained in paragraph 4 of the Complaint.

7. KKC denies the allegations contained in paragraph 5 of the Complaint, except admits that Plaintiff's employment was terminated on February 27, 2009.

8. KKC denies the allegations contained in paragraph 6 of the Complaint, except admits that KKC is not and has never committed any discriminatory acts against Plaintiff.

9. KKC denies the allegations contained in paragraph 7 of the Complaint, except admits that Plaintiff's race and color are Black.

10. KKC denies each and every allegation contained in paragraph 8 of the Complaint (including the accompanying handwritten sheets), except that KKC admits Plaintiff was most recently employed at the Levittown McDonald's location and that Jackie Buckley was a shift manager employed at that location.

11. To the extent that paragraph 9 of the Complaint contains no allegations, no response thereto is required.  If and to the extent a response is deemed required, KKC denies the allegations contained in paragraph 9 of the Complaint.

12. KKC denies the allegations contained in paragraph 10 of the Complaint, except admits that Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC").

13. To the extent that paragraph 11 of the Complaint contains no allegations, no response thereto is required.

14. To the extent that paragraph 12 of the Complaint contains no allegations, no response thereto is required.  If and to the extent a response is deemed to be required, KKC admits that the EEOC issued a Right to Sue letter.

15. KKC denies each and every allegation contained in the Complaint and in any

material annexed thereto that is not specifically admitted herein, except that KKC admits Plaintiff was fired for sexual harassment.

16. KKC denies that Plaintiff is entitled to any of the relief sought in the prayer for relief or otherwise demanded from KKC.

## OBJECTION TO JURY DEMAND

KKC objects to a trial by jury on Plaintiff's equitable claims, and all other issues as to which a jury is not permitted as of right as a matter of law.

## AFFIRMATIVE AND OTHER DEFENSES

KKC asserts the following affirmative and other defenses without assuming any burdens of production or proof that would otherwise rest with Plaintiff.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

The Complaint and each purported claim alleged therein, is barred in whole or in part, because Plaintiff cannot set forth a *prima facie* case of discrimination or retaliation.

## THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable principles of waiver, laches, and/or estoppel, quasi-estoppel, and/or equitable estoppel.

## FIFTH DEFENSE

To the extent that Plaintiff's claims are based upon any allegations not asserted in his EEOC charge, he is barred, in whole or in part, from asserting such claims.

**SIXTH DEFENSE**

At all times, KKC and/or its agent(s) acted reasonably and in good faith.

**SEVENTH DEFENSE**

All actions taken or omitted by KKC and/or its agent(s) with respect to Plaintiff were taken or omitted for legitimate, non-discriminatory business reasons.

**EIGHTH DEFENSE**

All actions taken or omitted by KKC and/or its agent(s) with respect to Plaintiff were taken or omitted in good faith, without any malice, evil motives, callous indifference, reckless indifference, or willfulness.

**NINTH DEFENSE**

KKC and/or its agent(s) neither engaged in the purported discrimination or harassment, nor aided or abetted it, nor encouraged, condoned, acquiesced or approved of any alleged discrimination, retaliation or harassment of Plaintiff.

**TENTH DEFENSE**

Before and throughout the relevant period, KKC has maintained and complies with well-established policies, programs, and procedures for the prevention and detection of unlawful harassment or discriminatory conduct by employees.

**ELEVENTH DEFENSE**

KKC exercised reasonable care to prevent and correct promptly any alleged unlawful harassment, retaliation or discrimination in the workplace, and Plaintiff unreasonably failed to take advantage of the preventive and  corrective opportunities provided by KKC or to avoid harm otherwise.

**TWELFTH DEFENSE**

Subject to proof through discovery, some or all of Plaintiff's claims are barred, in whole or in part, by his failure to exhaust administrative prerequisites to suit.

**THIRTEENTH DEFENSE**

Plaintiff's own conduct caused, in whole or in part, whatever damages he may have suffered.

**FOURTEENTH DEFENSE**

Subject to proof through discovery, Plaintiff has failed, in whole or in part to mitigate his purported damages.

**FIFTEENTH DEFENSE**

Subject to proof through discovery, Plaintiff is precluded, in whole or in part, from recovery of any purported damages because of the after-acquired evidence doctrine.

**SIXTEENTH DEFENSE**

Plaintiff is barred, in whole or in part, from recovery of the damages that he seeks because they are not authorized under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, New York State law, the United States Constitution, and/or the Constitution of the State of New York.

**SEVENTEENTH DEFENSE**

Plaintiff's claims for punitive damages are barred, in whole or in part, by the United States and New York Constitutions and/or by the statute(s) under which the action purportedly is brought.

**EIGHTEENTH DEFENSE**

Plaintiff is not entitled to punitive damages, in that Plaintiff cannot demonstrate malice or

reckless indifference, nor can he impute liability for punitive damages to KKC, because of its good faith efforts to comply with Title VII of the Civil Rights Act of 1964, and the laws of the State of New York.

### NINETEENTH DEFENSE

Plaintiff is not entitled to punitive damages because he cannot show that management has authorized, participated in, consented to or ratified the conduct giving rise to such damages.

### TWENTIETH DEFENSE

To the extent that Plaintiff's claims sound in negligence, such claims are barred by operation of the Workers' Compensation Law.

### TWENTY-FIRST DEFENSE

Plaintiff is barred from recovering attorneys' fees by his *pro se* status.

### TWENTY-SECOND DEFENSE

KKC asserts all affirmative and other defenses available to it under each of the federal and state laws, common laws, and precedent cited in the Complaint.

**WHEREFORE**, KKC respectfully requests judgment dismissing the Complaint in its entirety, and granting them the costs, fees, and disbursements in its defense of this action, including their attorneys' fees, together with such other and further relief as the Court may deem just and proper.

### KLEIN KAUFMAN CORPORATION'S COUNTERCLAIMS

Defendant Klein Kaufman Corporation ("KKC"), by its attorneys, Seyfarth Shaw LLP, as and for its Counterclaims against Plaintiff/Counter-Defendant, Leon Hunter ("Hunter"), alleges as follows:

## THE PARTIES

1. Klein Kaufman Corporation is a New York Corporation, with its principal place of business located in Suffolk County, State of New York.

2. Leon Hunter is, upon information and belief, an individual residing in Suffolk County, State of New York.

## JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper pursuant to 28 U.S.C. §§ 1331, 1343.

## BACKGROUND FACTS

5. In or around early February 2009, Plaintiff/Counterclaim Defendant Hunter requested a $5,000 loan from KKC, which he promised to repay.

6. In light of Plaintiff/Counterclaim-Defendant Hunter's long history of employment and his relationship with the principals of the company, on or about February 12, 2009, KKC agreed to give, and did give to Hunter a $5,000 interest free loan.[1]

7. Plaintiff/Counterclaim-Defendant Hunter accepted the $5,000 loan with the understanding that he would repay such loan in its entirety to KKC upon demand.  KKC provided, and Hunter agreed, that for so long as he was employed, he would pay $150 of the principal amount per week, and that he would otherwise immediately repay the full remaining balance of the loan.

8. Plaintiff/Counterclaim-Defendant has repaid a total of $300 of the $5,000 loan during the first two weeks, until his employment was terminated on February 27, 2009.

---

[1] Klein Kaufman Corporation is an affiliate of Kaufman Enterprises, Inc., through which Plaintiff/Counterclaim Defendant was sent the loan proceeds.

12463069v.3

9. On or about February 27, 2009, Hunter was terminated from his employment due to continuing performance and behavioral problems, and in particular, for his sexual harassment of female employees, after having previously been warned and transferred from another restaurant location after a similar problem.

10. To date, Hunter has repaid $300 of the $5,000 loan, leaving a balance of $4,700 unpaid and owing since February 27, 2009.

11. Plaintiff/Counterclaim-Defendant has failed to repay the balance of $4,700 in breach of his agreement with KKC.

12, Accordingly, Plaintiff/Counterclaim-Defendant Hunter is liable to KKC in the amount of $4,700.

## FIRST COUNTERCLAIM
### (Breach of Contract)

13. Counterclaim-Plaintiff KKC repeats and realleges each of Counterclaim paragraphs 1-12 as if fully set forth and incorporated herein.

14. Plaintiff/Counterclaim-Defendant Hunter entered into a valid and binding agreement with KKC pursuant to which he received $5,000 and agreed to repay such amount to KKC.

15. KKC gave Plaintiff/Counterclaim-Defendant Hunter $5,000 as a loan on or about February 12, 2009 with the agreement that Hunter would promptly repay such loan in its entirety upon demand, and KKC has demanded the repayment of the $4,700 balance of such loan.

16. Plaintiff/Counterclaim-Defendant Hunter has breached his agreement by failing to repay the $4,700 balance of the loan amount in violation of his agreement.

17. Plaintiff/Counterclaim-Defendant Hunter's breach of contract proximately caused KKC damages in the amount of $4,700.

## SECOND COUNTERCLAIM
### (Unjust Enrichment)

18. KKC repeats and realleges each of Counterclaim paragraphs 1-17 as if fully set forth and incorporated herein.

19. Plaintiff/Counterclaim-Defendant Hunter received $5,000 at KKC's expense, and has failed to return all but $300 of that amount, and Plaintiff/Counterclaim-Defendant Hunter has been unjust enriched.

20. By virtue of the allegations set forth above, it would be inequitable to permit Plaintiff/Counterclaim-Defendant retain the remaining $4,700, which was intended and given as a loan on condition of repayment, and which Plaintiff/Counterclaim-Defendant has failed to repay.

21. As a direct and proximate result of Plaintiff/Counterclaim-Defendant's breaches, KKC has been damaged in the amount of $4,700, plus interest at a rate to be determined at trial.

## THIRD COUNTERCLAIM
### (Promissory Estoppel)

22. KKC repeats and realleges each of Counterclaim paragraphs 1-21 as if fully set forth and incorporated herein.

23. Plaintiff/Counterclaim-Defendant Hunter requested that KKC loan him the amount of $5,000 and clearly and unambiguously promised to repay the full loan amount of $5,000 at KKC's demand.

24. In reasonable reliance on Plaintiff/Counterclaim-Defendant Hunter's promise, KKC loaned Plaintiff/Counterclaim-Defendant Hunter the amount of $5,000, and Hunter accepted such loan.

25. Plaintiff/Counterclaim-Defendant Hunter has failed to pay the balance of $4,700 as promised, and KKC has been injured as a result of its reliance on Plaintiff/Counterclaim-Defendant Hunter's promise.

26. As a direct and proximate result of Plaintiff/Counterclaim-Defendant's actions, KKC has been damaged in the amount of $4,700.

**WHEREFORE,** Defendant-Counterclaim Plaintiff respectfully request that the Court enter Judgment as follows:

(i) dismissing the Complaint against Defendant in its entirety;

(ii) on the Counterclaim, Defendant-Counterclaim Plaintiff Klein Kaufman Corporation respectfully demands judgment on each of its Counterclaims against Leon Hunter and granting KKC an award of damages in the amount of $4,700 plus interest; and

(iii) granting such other and further relief as this Court deems just and proper.

Dated: New York, New York
       July 8, 2010

                                                SEYFARTH SHAW LLP

                                                By  /s/ Dov Kesselman
                                                    Dov Kesselman (DK-6571)
                                                620 Eighth Avenue
                                                New York, New York 10018
                                                (212) 218-5500

                                                Attorney for Defendant Klein Kaufman Corporation
                                                d/b/a McDonald's

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2010, I caused to be served a true and correct copy of the foregoing Defendant Klein Kaufman Corporation's Verified Answer, Affirmative Defenses, and Counterclaims via U.S. mail, postage pre-paid, on the following *pro se* Plaintiff:

>Leon Hunter
>144 Jeaton Lane
>Amityville, NY 11701

>_____/s/ Dov Kesselman_____
>Dov Kesselman

12463069v.3