# SEYFARTH
## ATTORNEYS
## SHAW LLP

620 Eighth Avenue

New York, New York  10018

(212) 218-5500

fax (212) 218-5526

www.seyfarth.com

Writer's direct phone
(212) 218-5507

Writer's e-mail
dkesselman@seyfarth.com

April 29, 2011

**VIA ECF**

Honorable A. Kathleen Tomlinson
United State Magistrate Judge
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-9014

> Re:   Hunter v. Kaufman Enterprises, Inc., 09-CV-5540 (JS)(AKT)

Dear Judge Tomlinson:

We write on behalf of defendant Kaufman Enterprises, Inc. ("KEI") in response to Plaintiff's letter to Your Honor dated April 21, 2011 concerning his attempt to seek additional and broad discovery well after the discovery deadline has closed and long after the parties have completed document exchanges.

As Your Honor may recall, the deadline to conclude discovery in this case was March 22, 2011, pursuant to Your Honor's January 18, 2011 Civil Conference Minute Order, a deadline which was extended from earlier discovery deadlines.  The parties long before the deadline completed all discovery, including document requests, responses and productions, and depositions.

On March 23, 2011, Plaintiff attempted to file an Amended Complaint, the purpose of which he claimed was to more formally assert the claims in his earlier *pro se* Complaint so as to "clarify the dispute between the parties and will not cause any prejudice."  *(See* Docket No. 34-1.)  On March 25, 2011, the Court required Plaintiff to file a letter stating how he intended to proceed given that no memorandum of law had been filed and the motion was not on consent.  As a result, the parties agreed to a Stipulation setting forth a briefing schedule on Plaintiff's motion to amend the complaint, and because Defendant KEI had planned to file a pre-motion conference letter in support of its intended summary judgment motion, which under Judge Seibert's rules required an exchange of 56.1 Statements before such letter, the parties further stipulated to an extension of time for the filing of that pre-motion conference letter from April 27, 2011 to sixty days following the Court's decision on Plaintiff's motion for leave to amend the Complaint.  *(See* Docket No. 35-1.)  In addition, the Stipulation likewise stipulated that "any *remaining* scheduled dates shall be extended accordingly" (id. (emphasis added)), so that the remaining deadline for submission of the proposed joint Pre-Trial Order and the date for the Pre-Trial Conference, as set out in the Court's January 18,

BRUSSELS   WASHINGTON, D.C.   SAN FRANCISCO   SACRAMENTO   NEW YORK   LOS ANGELES   HOUSTON   CHICAGO   BOSTON   ATLANTA



Honorable A. Kathleen Tomlinson
April 29, 2011
Page 2

2011 Civil Conference Minute Order  (*see* Docket No. 31), would likewise be extended.  At no time did Plaintiff request or advise that he wished to seek additional discovery, and KEI did not agree to any such extension.

The Court "So Ordered" the Stipulation on March 30, 2011, and adopted the briefing schedule as well as the sixty day extension of the remaining deadlines.  Although the docket entry erroneously stated "In addition, all remaining discovery deadlines are hereby extended to 60 days following the Court's decision on Plaintiff's motion," the fact is that there were no remaining discovery deadlines, as they had already passed.  Once again, the Stipulation clearly provided only for an extension of the remaining scheduling deadlines, and not for any further discovery.

KEI has complied with Plaintiff's First Request for Production of Documents, and has produced all relevant and responsive documents in its possession, both in response to Plaintiff's first set of document requests, as well as to later informal requests during depositions and in emails. However, Plaintiff did not serve (nor even mention) his Second Request for Production of Documents until March 22, 2011, and KEI objected to this late service of surprise discovery.  It is well-settled that where, as here, a demand for production is not served within thirty days of the discovery deadline, such requests are untimely.  See, e.g., Watkins v. Chang & Son Enterprise Inc., CV-08-1361, 2008 WL 4682332, at *1 (E.D.N.Y. Oct. 21, 2008) (holding that recent request, where no prior written demand for production of the records at issue had been made, was untimely because "it was not served at least thirty days in advance of the November 10th fact discovery deadline"); Jones v. Hirschfeld, 01 Civ. 7585, 2003 WL 21415323, at *4 n.13 (S.D.N.Y. June 19, 2003) ("the discovery deadline date is the date on which discovery should be complete; it is not the last date on which a party can serve discovery requests"); Gavenda v. Orleans County, 182 F.R.D. 17, 20 (W.D.N.Y. 1997) ("discovery requests are to be made sufficiently inside the discovery period to allow for a response prior to the discovery cut-off date").  Plaintiff's last-ditch attempt to burden KEI with improper discovery after the close of (and completion of) discovery should not be permitted, and raises the question of whether Plaintiff's motion to amend the Complaint was nothing more than a back-door effort to extend discovery in this case.  As such, we respectfully request that the Court deny Plaintiff's effort to extend discovery here as an improper burden and prejudice to KEI.

Thank you for Your Honor's kind attention to this matter.

Respectfully submitted,

SEYFARTH SHAW LLP

__s/ Dov Kesselman_____
Dov Kesselman

cc:     William Timmons, Esq. *(via ECF)*
        Courtney S. Taymour, Esq. *(via ECF)*