William Timmons, Esq.
25 Candee Avenue
Sayville, New York 11782
(631) 750-5980

---

May 2, 2011

Honorable A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-9014

     Re:    Leon Hunter v. Klein Kaufman Corp.,
            U.S.D.C., E.D.N.Y., Docket No. 09-cv-05540 (JS) (AKT)

Dear Judge Tomlinson,

     On behalf of Plaintiff Leon Hunter in the above referenced matter please find ***Plaintiff's First Request for the Production of Documents***, ***Plaintiff's Second Request for the Production of Documents***, and ***Plaintiff's Interrogatories*** which were filed using the CM/ECF system.

     Plaintiff's second request was made at the end of the discovery deadline on March 22nd (1 day short of 6 weeks or 41 days ago) under the now known to be mistaken assumption that this was the timely deadline for submittal. Plaintiff maintains that he has **NOT** at any time during these proceedings operated in such a manner as to cause wasteful delay or the visitation of undue burden or prejudice upon the defendant corporation.

     Plaintiff worked with assigned counsel to fashion his Amended Complaint in such a way as to be as true as possible to what he felt in good faith was a valid cause of action. Plaintiff, likewise, took a direct role in creating and putting through his second request for production and his interrogatories; borrowing from his initial *pro se* status and anticipating somewhat a *pro se* status by default at trial.

     It should be noted that the defendant corporation in the present case has announced that it has outright misplaced Plaintiff's personnel file. This fact alone has severely prejudiced Plaintiff's case since it acts to unsubstantiate Plaintiff's contention that he maintained an excellent employment record for over 22 years and that his record was devoid of any allegations of sexual harassment (a primary consideration of his case).

     I was unable to find the email response and subsequent mail out to a request for additional documentation that had occurred earlier in the year. However, based upon my recollection, the request and response had to do with time edits and time punches that did not meet with Mr. Hunter's satisfaction and upon which Plaintiff sought to state with more particularity in his second request (see ***Second Request***, #5). Plaintiff's second request, as a whole, references the first request with more particularity after the first request had failed

William Timmons, Esq.
25 Candee Avenue
Sayville, New York 11782
(631) 750-5980

---

to produce materials of use to Plaintiff at trial; the first request being largely deflected with generalized reasons proffered as justification for non-compliance.

 Plaintiff's current request goes to the core of the issues that have been in play since the onset of his action and do **NOT** embark on a path that has **NOT** been anticipated by defendant.  Without this final discovery Plaintiff will not likely be able to sustain his action.  While procedural deadlines are always to be taken very seriously, Plaintiff feels that it would be a miscarriage of justice for his case to be decided on procedural technicalities rather than on the full merits of his allegations.

 Lastly, it deserves to be reiterated, that Plaintiff's request was placed in good faith over 40 days ago.  Plaintiff shares defendant's, and the Court's, desire to move this case along as efficiently as possible.  After speaking with Plaintiff regarding this matter, Plaintiff is at a loss to understand why discovery was not extended in good faith while the notion of the Amended Complaint was being actively discussed with opposing counsel; since the grant of a review of the Amended Complaint acted to trigger a 60 day extension of all remaining discovery deadlines.  Plaintiff simply yearns for his day in court with the materials that he needs to best present his case.  He is anxious to tell his story.

 Thank you for Your Honor's attention to these matters.

                 Sincerely,


                 William Timmons, Esq.