UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────────────x
                                       :
LEON HUNTER,                           :
                                       :
                          Plaintiff,   :
                                       :
           -against-                   :
                                       :
KLEIN KAUFMAN CORP. d/b/a McDONALD'S,  :      09-CV-5540 (JS) (AKT)
                                       :
                          Defendants.  :
                                       :
───────────────────────────────────────x

**PLAINTIFF'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Plaintiff Leon Hunter ("Plaintiff" or "Hunter"), by and through his attorney appointed through the *Pro Bono* Panel of the *Pro Se* Staff of the Eastern District of New York William Timmons, Esq., hereby requests that defendant Klein Kaufman Corp. d/b/a McDonald's ("Defendant" or "KKC") produce the following documents at the offices of William Timmons, Esq., 25 Candee Avenue, Sayville, NY 11782, within thirty (30) days after service herewith.

**I.**

**DEFINITIONS AND INSTRUCTIONS**

1.      This request for documents is addressed to Defendant, its agents, representatives, or attorneys, or any of them.  If the requested documents are known by Defendants to exist, but are not in the possession, custody, or control of Defendants its agents, representatives, or attorneys, or any of them, it is requested that Defendant so indicate or produce documents that show the name of the person or entity in whose custody such documents presently reside.

2. The term "communication" shall refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether in writing, electronic, or verbal.

3. The term "person" shall refer to any natural person, individual, partnership, firm, corporation, or any business, legal or governmental entity or association, their agents or employees.

4. The term "document" includes, by way of illustration only and not by way of limitation, the following, whether in electronic, printed or other form, or reproduced by any process, or written, and/or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery: notes; correspondence; communication of any nature; electronic mail; telegrams; computer files; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; routing slips or memoranda; calendars; reports; publications; photographs; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; agreements, contracts, and collective bargaining agreements including all revisions and/or modifications thereof; reports and/or summaries of negotiations; court papers; brochures; pamphlets; press releases; tape recordings; record and dictation belts; audio tapes; video tapes; and electronic or computerized data compilations.

    (a) A draft, revision of a draft and/or translation of any document is to be considered a separate document for the purposes of this document request.

    (b) Any document with any marks on any sheet, back or side thereof, including, by way of illustration only and not by way of limitation, initials, stamped indicia, any comment, or any notation of any character, not part of the original text, or any reproduction thereof, is to be considered a separate document for the purposes of this document request.

5. The term "concerning" shall mean relating to, referring to, describing, evidencing or consulting.

6. In construing these requests, (i) the use of the singular form of any word shall include the plural and vice versa, (ii) the use of the masculine, feminine or neuter pronouns, respectively, shall include the other genders, (iii) the connectives "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of this document request all documents that might otherwise be construed to be outside its scope, and (iv) the present tense of a verb shall include its past tense and vice versa.

7. "Defendant" or "KKC" shall refer to Defendant, any current or former counsel, and any consultants, experts, investigators, agents, representatives, or other persons acting on behalf of either or both of them.

8. "Plaintiff" shall refer to Plaintiff Leon Hunter.

9. The term "Complaint" shall refer to the Complaint in this action, dated and filed on December 16, 2009.

10. The term "Answer" shall refer to the Answer in this action, dated and filed on July 8, 2010.

11. The term "Counterclaim" shall refer to the Counterclaim in this action, dated and filed on July 8, 2010.

12. If any document responsive to any request has been lost, mutilated, or destroyed, Defendant is requested to submit in lieu of each such document a written statement that: (a) describes in detail the nature of the document and its contents; (b) identifies the person who prepared or authored the document and, if applicable, the person or persons to whom the document was sent; (c) specifies the date(s) on which the document was prepared or transmitted; and (d) specifies, if possible, the date on which the document was lost or destroyed, and, if destroyed, the conditions and/or circumstances of and reasons for such destruction, and the persons requesting, directing, and/or performing such destruction.

13. If there are no documents in Defendant's possession, custody, control that are responsive to a particular request, but Defendant believes that such documents exist, Defendant is requested to so state and identify each document, and state to which request(s) each such document is responsive.

14. Any document responsive to any request herein should be identified as being responsive to such specific request. If any document is responsive to more than one request, all such requests to which such document is responsive should be identified.

15. Pursuant to Rule 26(e) of the Federal Riles of Civil Procedure, this document request is to be deemed continuing, so as to require Defendant to supplement and/or amend promptly each response with respect to which any additional documentation or information is discovered after such initial response.

16. Unless otherwise specified, Defendant shall produce documents concerning the time period of Plaintiff's employment with KKC.

## II.

## **CLAIMS OF PRIVILEGE**

If any document falling within the scope of any of the following requests is withheld under a claim of privilege or work product, Defendant shall serve upon the undersigned attorneys for Plaintiff a written list including the following information as to each such withheld document: (a) its date; (b) the name(s) of the person(s) who drafted, authored, authorized or prepared it; (c) its title; (d) the type of document (e.g., letter, memorandum, notes of meetings, etc.); (e) the name of each person to whom the document was addressed; (f) the name of each person to whom the document or any copy or reproduction thereof was ever addressed, directed, sent, delivered, mailed, given, or in any other manner disclosed; (g) the subject matter of the document; and (h) a statement of the grounds(s) on which each such document is claimed to be privileged from production.

### III.

### **SCHEDULE OF DOCUMENTS TO BE PRODUCED**

**Document Request No. 1:**   All documents concerning any report, complaint, or other communication by Plaintiff to KKC or to any employee of KKC concerning any perceived racial discrimination, retaliation, inappropriate behavior, misconduct, or unfair treatment engaged in by any employee of KKC at any time during Plaintiff's employment.

**Document Request No. 2:**   All documents created or maintained by or on behalf of any current or former employee of KKC, other than the Plaintiff, which relate to any occurrence which is claimed to have created, contributed to, or constituted allegedly racial discriminatory or retaliatory conduct at KKC at any time during Plaintiff's employment.

**Document Request No. 3:**   All documents concerning any report, complaint, or other communication to Defendant, other than the Plaintiff, which relate to any occurrence which is claimed to have created, contributed to, or constituted allegedly racial discriminatory or retaliatory conduct at KKC at any time during Plaintiff's employment.

**Document Request No. 4:**   All documents concerning any report, complaint, or other communication to Defendant by any person not employed by KKC concerning any perceived discrimination, retaliation, inappropriate behavior, misconduct, or unfair treatment engaged in by any employee of KKC at any time during Plaintiff's employment.

**Document Request No. 5:**   All documents concerning any report, complaint, or other communication by Plaintiff to KKC or to any employee of KKC concerning any perceived sexual harassment, sexual discrimination, inappropriate sexual behavior, or sexual misconduct engaged in by any employee of KKC while in the workplace at any time during Plaintiff's employment.

**Document Request No. 6:**   All documents created or maintained by or on behalf of any current or former employee of KKC, other than the Plaintiff, which relate to any occurrence which is claimed to have created, contributed to, or constituted allegedly sexual harassment, sexual discrimination, inappropriate sexual behavior, or sexual misconduct engaged in by any employee of KKC while in the workplace at any time during Plaintiff's employment.

**Document Request No. 7:**   All documents concerning any report, complaint, or other communication to Defendant, other than the Plaintiff, which relate to any occurrence which is claimed to have created, contributed to, or constituted sexual harassment, sexual discrimination, inappropriate sexual behavior, or sexual misconduct engaged in by any employee of KKC while in the workplace at any time during Plaintiff's employment.

**Document Request No. 8:**   All documents concerning any report, complaint, or other communication to Defendant by any person not employed by KKC concerning any perceived sexual harassment, sexual discrimination, inappropriate sexual behavior, or sexual misconduct engaged in by any employee of KKC while in the workplace at any time during Plaintiff's employment.

**Document Request No. 9:**   All documents concerning Plaintiff's work performance, compensation, and/or employment at any time during Plaintiff's employment at KKC, including but not limited to:

> (a) all documents concerning Plaintiff's work performance, including, but not limited to, evaluation, reviews, self-evaluations, ratings, and letters or correspondence of commendation, reprimand, criticism or warning;
>
> (b) all documents concerning Plaintiff's job duties and/or assignments for each and every position held at KKC;
>
> (c) all documents prepared or received by Plaintiff concerning discipline, including, but not limited to, notes taken before, during, or after any

        meetings in which Plaintiff was counseled and any counseling notices;

(d) all documents concerning Plaintiff's attendance, and/or tardiness including, but not limited to, documents concerning his shifts, schedules, leaves, assignments, and attendance records;

(e) all documents concerning any request for or actual transfer or relocation or promotion or change in title or position that Plaintiff sought, including, but not limited to, applications, writing samples, letters of recommendation/reference, any pother letters or other communications, requests for promotion, job postings, interview notes, notes from interviews or rejection notices; and

(f) all documents prepared by any current or former employee of KKC concerning Plaintiff.

**Document Request No. 10:**   All documents generated, including but not limited to, reports, grades, scores, or assessments regarding the "mystery shop" performed at the Levittown McDonald's operated by KKC on Tuesday, January 20, 2009 after 5:00 PM.

**Document Request No. 11:**   All documents, including but not limited to, correspondence, letters, emails, or any recordings of any communications sent between, to, by, or from any current or former employee of KKC that concern, react to, or otherwise address the "mystery shop" performed at the Levittown McDonald's operated by KKC on Tuesday, January 20, 2009 after 5:00 PM.

**Document Request No. 12:**   All other "mystery shop" documentation that was generated, either from KKC or from the McDonald's Corporation, from "mystery shop" performances that were performed at stores while Plaintiff was on shift at any time during his employment with KKC.

**Document Request No. 13:**   All documents, including but not limited to, correspondence, emails, or any recordings of any communications between the Plaintiff and the Defendant or any person, including, but not limited to, Joshua Kaufman, Alfred Stroveglia, Edward Miller, Jackie Buckley, Denis Stickelman, Angela Kapoor, Michelle Garcia, Sherrick Harris, Myra Harris, Maria Andino, Marivel Soto, Tomassa Alverez, Monique Johnson, Chris Guzman, Robert Alegria, Maria Diaz, Chariese Martin, Britney Brown or any current or former employee, agent, or other representative of KKC, concerning (a) Plaintiff's employment with KKC or the termination thereof, (b) the allegations and claims in the Complaint, or (c) the defenses and assertions set forth in the Answer and the Counterclaim.

**Document Request No. 14:**   All documents concerning any complaints, charges, write-ups, or grievances, either formal or informal, which Defendant made concerning Plaintiff or which were made on behalf of Defendant by any current or former employee of Defendant, during and concerning his employment with KKC.

**Document Request No. 15:**   All documents concerning any complaints, charges, write-ups, or grievances, either formal or informal, Defendant made or which were made on behalf of Defendant concerning any current or former employee of Defendant in which Plaintiff was mentioned by name either as the complaining party, the party the complaint was directed at, or a third party that had personal knowledge of the issues that the complaint was based upon.

**Document Request No. 16:**   All documents prepared, circulated, and/or received by Defendant at any time during Plaintiff's employment at KKC concerning Plaintiff's employment at KKC and the terms and conditions of employment.

**Document Request No. 17:**   All documents concerning any discussion or evaluation of Plaintiff's job performance at KKC at any time during Plaintiff's employment.

**Document Request No. 18:**   All documents concerning any meetings between Plaintiff and any other employee(s) of KKC at any time during Plaintiff's employment at which Plaintiff's work performance, work behavior, work habits, compensation, complaints, or the terms and conditions of his employment were discussed.

**Document Request No. 19:**   All documents concerning Plaintiff's work, responsibilities, and duties as a manager.

**Document Request No. 20:**   All documents concerning the termination of Plaintiff's employment with KKC in February 2009, including but not limited to, any documents concerning communications, meetings, conversations, or discussions related to the termination of Plaintiff's employment at KKC.

**Document Request No. 21:**   All documents provided to Defendant and/or Defendant's representative(s) by any person concerning the allegations and claims set forth in the Answer and Counterclaim, including but not limited to, any witness statements, declarations, affidavits, or testimony.

**Document Request No. 22:**   All documents concerning KKC's or the McDonald's Corporation employment policies and procedures, including but not limited to, contracts, goals, memoranda, promotion or job-related transfer policies, equal employment opportunity policies, anti-harassment policies, employee complaint mechanisms, workplace procedure, and training materials.

**Document Request No. 23:**   All documents concerning KKC's and the McDonald's Corporation workplace codes, including but not limited to, problem solving policies, root cause determinations, non-hostile working place environments, coaching, counseling, trouble shooting, the "Five Whys", and "24-hour cooling off periods".

**Document Request No. 24:**   Copies of the following documents/publications going back to the year 2006:

>  (a) the official employee handbook
>
>  (b) any training manuals
>
>  (c) the "Basic Shift Management Book" (or its equivalent)
>
>  (d) the "Advanced Shift Management Book" (or its equivalent)
>
>  (e) the "Managers Handbook" (or its equivalent)

**Document Request No. 25:**   All documents concerning any complaints, charges, or grievances, either formal or informal, of racial discrimination or retaliation which were made to, by, or against Plaintiff by any employee of KKC at any time during Plaintiff's employment.

**Document Request No. 26:**   All documents concerning any complaints, charges, or grievances, either formal or informal, of sexual harassment which were made to, by, or against Plaintiff by any employee of KKC at any time during Plaintiff's employment.

**Document Request No. 27:**   All documents concerning Plaintiff's employment with KKC, including but not limited to, company loans, offer letters, compensations plans, correspondence, paychecks, compensation documents of any type, earning statements, promotions, awards, or other documents relating to the terms and conditions of Plaintiff's employment at any time during Plaintiff's employment at KKC.

**Document Request No. 28:**   All documents concerning all benefits Plaintiff received during his employment with KKC, including but not limited to, health insurance, sick days, and vacations.

**Document Request No. 29:**   All documents submitted by or on behalf of Defendant to, or received by or on behalf of Defendant from  the Equal Employment Opportunity Commission ("EEOC"), the

New York State Division of Human Rights ("NYSDHR"), and/or any other federal, state, or local fair employment practices agency.

**Document Request No. 30:**   All documents concerning the meeting between Plaintiff, Mr. Miller, and Ms. Buckley together with the aftermath of such meeting as alleged in paragraph 8 of the Complaint and continued in the annexed materials.

**Document Request No. 31:**   All documents concerning the allegation in paragraph 8 of the Complaint and continued in the annexed materials that Plaintiff was fired one week after the meeting with Ms. Buckley and Mr. Miller.

**Document Request No. 32:**   All documents concerning the meeting in which plaintiff was notified that his employment was being terminated as alleged in paragraph 8 of the Compliant and continued in the annexed materials.

**Document Request No. 33:**   All documents concerning any instance in which Plaintiff is alleged to have physically touched a co-worker.

**Document Request No. 34:**   All documents concerning any alleged touching or inappropriate conduct involving any employees of KKC at any time during his employment at KKC.

**Document Request No. 35:**   All documents concerning the allegation in paragraph 8 of the Complaint and continued in the annexed materials that Plaintiff brought crew members' behavior to Mr. Miller's attention.

**Document Request No. 36:**   All documents regarding the alleged events at the Levittown store that led directly to the termination of Plaintiff's employment with KKC, including but not limited to,

documentation revealing all involved parties, actions taken against Plaintiff, actions taken against all involved parties, disciplinary actions recommended, disciplinary actions taken, notes taken at all meetings to address the event, the full extent of the investigation, all evidence derived and acted upon, and the ultimate disposition.

**Document Request No. 37:**   All documents regarding the alleged events at the Amityville store involving Myra Harris that led ultimately to the termination of Plaintiff's employment with KKC, including but not limited to, documentation revealing all involved parties, actions taken against Plaintiff, actions taken against all involved parties, disciplinary actions recommended, disciplinary actions taken, notes taken at all meetings to address the event, the full extent of the investigation, all evidence derived and acted upon, and the ultimate disposition.

**Document Request No. 38:**   All documents regarding the $5,000 loan received by Plaintiff from KKC, including but not limited to, any communications concerning such loan, deductions for repayment of the loan, or any repayment of the loan.

**Document Request No. 39:**   All documents relating to any civil or criminal judicial or administrative proceeding (other than this lawsuit) in which Defendant was either a plaintiff (or a complaining party) or a defendant (or a responding party) during the time period of Plaintiff's employment with KKC.

**Document Request No. 40:**   With respect to any person expected to give expert testimony in this action, (a) all documents prepared, authored, or signed by such expert, including but not limited to, written reports, (b) each document concerning information considered by such expert opinion, (c) each document to be used in support of each expert opinion, and (d) any other disclosures required to be made pursuant to Fed. R. Civ. P. 26(a)(2)(B).

**Document Request No. 41:**  All documents concerning the subject matter of this action, including but not limited to, documents concerning the allegations and claims in the Complaint and the Counterclaim.

**Document Request No. 42:**  Any and all documents not previously requested concerning or in any way supporting the claims set forth in the Complaint, the defenses and assertions set forth in the Answer, or the merit of the Counterclaim..

Dated:  October 15, 2010
        Sayville, NY

                                                                                                                        _____
                                                                  William Timmons, Esq.

                                                                  25 Candee Avenue
                                                                  Sayville, New York 11782
                                                                  (631) 750-5980

                                                                  Attorneys for Plaintiff
                                                                  Plaintiff Leon Hunter

*To:*    SEYFARTH SHAW LLP
        Dov Kesselman (DK-6571)
        620 Eighth Avenue
        New York, NY  10018
        (212) 218-5500

        Attorneys for Defendant
        Klein Kaufman Corporation