UNITED STATES DISTRICT COURT
for the EASTERN DISTRICT OF NEW YORK

```
_____x
                                        :
LEON HUNTER,                            :
                                        :
                    Plaintiff,          :
                                        :
        -against-                       :
                                        :
KAUFMAN ENTERPRISES, INC.,              :   09-CV-5540 (JS) (AKT)
    d/b/a McDONALD'S                    :
                    Defendants.         :
                                        :
_____x
```

**PLAINTIFF'S SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Civil Rules of this Court, Plaintiff Leon Hunter ("Plaintiff" or "Hunter"), by and through his attorney appointed through the *Pro Bono* Panel of the *Pro Se* Staff of the Eastern District of New York William Timmons, Esq., hereby requests that defendant Kaufman Enterprises, Inc. d/b/a McDonald's ("Defendant" or "KEI") produce the following documents at the offices of William Timmons, Esq., 25 Candee Avenue, Sayville, NY 11782, within thirty (30) days after service herewith.

**I.**

**DEFINITIONS AND INSTRUCTIONS**

1.      This request for documents is addressed to Defendant, its agents, representatives, or attorneys, or any of them.  If the requested documents are known by Defendants to exist, but are not in the possession, custody, or control of Defendants its agents, representatives, or attorneys, or any of them, it is requested that Defendant so indicate or produce documents that show

the name of the person or entity in whose custody such documents presently reside.

    2.    The term "communication" shall refer to the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), whether in writing, electronic, or verbal.

    3.    The term "person" shall refer to any natural person, individual, partnership, firm, corporation, or any business, legal or governmental entity or association, their agents or employees.

    4.    The term "document" includes, by way of illustration only and not by way of limitation, the following, whether in electronic, printed or other form, or reproduced by any process, or written, and/or produced by hand, and whether or not claimed to be privileged or otherwise excludable from discovery:  notes; correspondence; communication of any nature; electronic mail; telegrams; computer files; memoranda; notebooks of any character; summaries or records of personal conversations; diaries; routing slips or memoranda; calendars; reports; publications; photographs; minutes or records of meetings; transcripts of oral testimony or statements; reports and/or summaries of interviews; reports and/or summaries of investigations; agreements, contracts, and collective bargaining agreements including all revisions and/or modifications thereof; reports and/or summaries of negotiations; court papers; brochures; pamphlets; press releases; tape recordings; record and dictation belts; audio tapes; video tapes; and electronic or computerized data compilations.

    (a)    A draft, revision of a draft and/or translation of any document is to be considered a separate document for the purposes of this document request.

    (b)    Any document with any marks on any sheet, back or side thereof, including, by way of illustration only and not by way of limitation, initials, stamped indicia, any comment, or any notation of any character, not part of the original text, or any reproduction thereof, is to be considered a separate document for the purposes of this document request.

5. The term "concerning" shall mean relating to, referring to, describing, evidencing or consulting.

6. In construing these requests, (i) the use of the singular form of any word shall include the plural and vice versa, (ii) the use of the masculine, feminine or neuter pronouns, respectively, shall include the other genders, (iii) the connectives "and" and "or" shall be construed either disjunctively or conjunctively so as to bring within the scope of this document request all documents that might otherwise be construed to be outside its scope, and (iv) the present tense of a verb shall include its past tense and vice versa.

7. "Defendant" or "KEI" shall refer to Defendant, any current or former counsel, and any consultants, experts, investigators, agents, representatives, or other persons acting on behalf of either or both of them.

8. "Plaintiff" shall refer to Plaintiff Leon Hunter.

9. The term "Complaint" shall refer to the Complaint in this action, dated and filed on December 16, 2009.

10. The term "Answer" shall refer to the Answer in this action, dated and filed on July 8, 2010.

11. The term "Counterclaim" shall refer to the Counterclaim in this action, dated and filed on July 8, 2010.

12. If any document responsive to any request has been lost, mutilated, or destroyed, Defendant is requested to submit in lieu of each such document a written statement that: (a) describes in detail the nature of the document and its contents; (b) identifies the person who prepared or authored the document and, if applicable, the person or persons to whom the document was sent; (c) specifies the date(s) on which the document was prepared or transmitted; and (d) specifies, if possible, the date on which the document was lost or destroyed, and, if destroyed, the conditions and/or circumstances of and reasons for such destruction, and the persons requesting, directing, and/or performing such destruction.

13. If there are no documents in Defendant's possession, custody, control that are responsive to a particular request, but Defendant believes that such documents exist, Defendant is requested to so state and identify each document, and state to which request(s) each such document is responsive.

14. Any document responsive to any request herein should be identified as being responsive to such specific request. If any document is responsive to more than one request, all such requests to which such document is responsive should be identified.

15. Pursuant to Rule 26(e) of the Federal Riles of Civil Procedure, this document request is to be deemed continuing, so as to require Defendant to supplement and/or amend promptly each response with respect to which any additional documentation or information is discovered after such initial response.

16. "Computer system" refers to any computer, hard drive, or data storage system owned, operated, and/or maintained by the Defendant corporation.

17. Unless otherwise specified, Defendant shall produce documents concerning the time period of Plaintiff's employment with KEI.

## II.

## CLAIMS OF PRIVILEGE

If any document falling within the scope of any of the following requests is withheld under a claim of privilege or work product, Defendant shall serve upon the undersigned attorneys for Plaintiff a written list including the following information as to each such withheld document: (a) its date; (b) the name(s) of the person(s) who drafted, authored, authorized or prepared it; (c) its title; (d) the type of document (e.g., letter, memorandum, notes of meetings, etc.); (e) the name of each person to whom the document was addressed; (f) the name of each person to whom the document or any copy or reproduction thereof was ever addressed, directed, sent, delivered, mailed, given, or in any other manner disclosed; (g) the subject matter of the document; and (h) a statement of the grounds(s) on which each such document is claimed to be privileged from production.

III.

## SCHEDULE OF DOCUMENTS TO BE PRODUCED

**Document Request No. 1:**     Plaintiff requests, in the event of changed circumstance, a copy of his full, complete, and comprehensive employee file as contained in the filing system at the corporate headquarters of Defendant KEI.

**Document Request No. 2:**     Plaintiff requests any and all information pertaining to assessment of his work performance as an employee of KEI contained on any of the computers or computer data storage systems maintained by KEI at the headquarters of KEI or at the various stores that KEI operates.

**Document Request No. 3:**     Plaintiff requests the production of a blank, unused, unsigned, unfilled-in, "Corrective Action" form printed directly from the KEI computer system program.

**Document Request No. 4:**     Plaintiff requests the production of a blank, unused, unsigned "Sexual Harassment Policy Review" form as stored separately.

**Document Request No. 5:**     Plaintiff requests the computer "edits" also known as "time punches" contained on the computer system located in the Levittown McDonald's store (and printed directly off that computer) for the KEI employee known as Angii Kapoor for the month of January 2009 and the month of February 2009.

**Document Request No. 6:**     Plaintiff requests the computer "edits" also known as "time punches" contained on the computer system located in the Levittown McDonald's store (and printed directly off that computer) for the KEI employee known as Michelle Garcia for the month of January 2009 and the month of February 2009.

**Document Request No. 7:**     Plaintiff requests the computer "edits" also known as "time punches" contained on the computer system located in the Levittown McDonald's store (and printed directly off that computer) for the KEI employee known as Jackie Buckley for the month of January 2009 and the month of February 2009.

**Document Request No. 8:**     Plaintiff requests a copy of the video on DVD format from the Levittown McDonald's video surveillance system that details the events the lead to his ultimate termination of employment with KEI.

**Document Request No. 9:**     Plaintiff requests a video sample put on DVD format from each video surveillance camera located in the Levittown McDonald's store showing both the degree of its resolution and its full visual perspective.

**Document Request No. 10:**    Plaintiff requests 2 detailed photos of the presenter room at the Levittown McDonald's store; or in the alternative, Plaintiff requests permission to have this area photographed via a third party.  One photo should be taken from the interior side looking out toward the window and the other from the window looking into the building's interior.

**Document Request No. 11:**    Plaintiff requests a detailed photo of the area where the customer satisfaction case is located at the Levittown McDonald's store; or in the alternative, Plaintiff requests permission to have this area photographed via a third party.

**Document Request No. 12:**    Plaintiff requests a detailed photo of the KEI main office located in Huntington Station detailing the 1st room on the right where the filling cabinets are located; or in the alternative, Plaintiff requests permission to have this area photographed via a third party.

**Document Request No. 13:**   Plaintiff requests 2 detailed photos of the KEI main office located in Huntington Station detailing the back room; or in the alternative, Plaintiff requests permission to have this area photographed via a third party.  One photo should be taken from the front of the room looking toward the rear and the other should be from the rear of the room looking toward the entrance to the room.

**Document Request No. 14:**  Plaintiff requests any documents generated from the 1-800 McDonald or 1 800-MACPRIDE corporate customer service number hotline detailing compliments issued in favor of Plaintiff by McDonald's customers from the year 2004 through to the present.

**Document Request No. 15:**  Plaintiff requests any documents generated from the 1-800 McDonald or 1 800-MACPRIDE corporate customer service number hotline detailing the negative behaviors of an employee named Katrina in the year 2005 or nearabouts.

**Document Request No. 16:**    All documents concerning any complaints, charges, write-ups, corrective action forms, sexual harassment review, or grievances, either formal or informal, which Defendant made concerning KEI employees Marivel Soto, Myra Harris, Robert Alegria, and Dwight Stanley which were made on behalf of Defendant by any current or former employee of Defendant, during and concerning their employment with KEI.

**Document Request No. 17:**    All documents concerning any complaints, charges, write-ups, corrective action forms, sexual harassment review, or grievances, either formal or informal, Defendant made or which were made on behalf of Defendant concerning any current or former employee of Defendant in which Marivel Soto, Myra Harris, Robert Alegria, or Dwight Stanley were mentioned by name either as the complaining party, the party the complaint was directed at, or a third party that had personal knowledge of the issues that the complaint was based upon.

**Document Request No. 18:**   Plaintiff requests that a copy of the form entitled "Termination Form" detailing his termination and the events surrounding his termination be produced.

**Document Request No. 19:**   Plaintiff requests the hourly drive thru times from 3:00PM to 9:00PM as logged in the computers of the Levittown McDonald's store from Monday, January 19th thru Sunday February 1st of the year 2009.

**Document Request No. 20:**   Plaintiff requests that a copy of the employee roster from the Amityville McDonald's store for the month of December 2008, detailing the respective positions of management and crew for each name, be produced.

**Document Request No. 21:**   Plaintiff requests that a copy of the employee roster from the Levittown McDonald's store for the month of January 2009, detailing the respective positions of management and crew for each name, be produced.

**Document Request No. 22:**   Plaintiff requests that copies of his Nassau County and Suffolk County "Food Safety Certificate" be produced.

**Document Request No. 23:**   Plaintiff requests that a copy of his Nassau County and Suffolk County "Safe Serve Certificate" be produced.

        Respectfully Submitted,

        _____
        William Timmons, Esq.

        25 Candee Avenue
        Sayville, New York 11782
        (631) 750-5980
        Attorney for Plaintiff Leon Hunter


        Dated: March 22, 2011


*To:*    SEYFARTH SHAW LLP
       Dov Kesselman (DK-6571)
       620 Eighth Avenue
       New York, NY 10018
       (212) 218-5500

       Attorneys for Defendant
       Klein Kaufman Corporation