UNITED STATES DISTRICT COURT
for the EASTERN DISTRICT OF NEW YORK

```
_____x
                                           :
LEON HUNTER,                               :
                                           :
                         Plaintiff,        :
                                           :
           -against-                       :
                                           :
KAUFMAN ENTERPRISES, INC.,                 :    09-CV-5540 (JS) (AKT)
     d/b/a McDONALD'S                      :
                         Defendants.       :
                                           :
_____x
```

### PLAINTIFF'S INTERROGATORIES

Plaintiff, through his counsel, William Timmons, Esq, requests that the Defendant respond to the following interrogatories. You are required to answer these interrogatories separately and fully in writing, under oath. You are required to respond to these interrogatories no later than thirty (30) calendar days after receipt of these interrogatories, to the undersigned at 25 Candee Avenue, Sayville, NY 11782.

### INSTRUCTIONS

1. Each Interrogatory is to be answered fully on the basis of information which is in the possession of the Defendant.

2. In each of your answers to these Interrogatories, you are requested to provide not only such information as is in your possession, but also information as is reasonably available. In the event that you are able to provide only part of the information called for by any particular Interrogatory, please provide all the information you are able to provide and state the reason for your inability to provide the remainder.

3. If you object to or otherwise decline to answer any portion of an Interrogatory, please provide all information called for by that portion of the Interrogatory to which you do not object or to which you do not decline to answer. For those portions of an Interrogatory to which you object or to which you do not decline to answer, state the reason for such objection or declination.

4. Every Interrogatory herein shall be deemed a continuing interrogatory and information in addition to or in any way inconsistent with your initial answer to such Interrogatory.

5. If any of the following Interrogatories can be answered fully and completely simply by referring to an exhibit number, page, and paragraph of the investigative file compiled by the Defendant and furnished to the Plaintiff by the Defendant in connection with this lawsuit, such references, if adequately identified to inform the Plaintiff as to your response will serve as a satisfactory response to such Interrogatory.

## DEFINITIONS

1. Plaintiff refers to Mr. Leon Hunter.

2. Defendant refers to Kaufman Enterprises, Inc. (herein KEI) and any and all of its agents, representatives, employees, servants, consultants, contractors, subcontractors, investigators, attorneys, and any other persons or entities acting or purporting to act on behalf of the Defendant.

3. "Person", "persons," "people", and "individual" means any natural person, together with all federal, state, county, municipal and other government units, agencies or public bodies, as well as firms, companies, corporations, partnerships, proprietorships, joint ventures, organizations, groups of natural persons or other associations or entities separately identifiable whether or not such associations or entities have a separate legal existence in their own right.

4. "Document," "documents," and "writing" means all records, papers, and books, transcriptions, pictures, drawings or diagrams or every nature, whether transcribed by hand or by some mechanical, electronic, photographic or other means, as well as sound reproductions of oral statements or conversations by whatever means made, whether in your actual or constructive possession or under your control or not, relating to or pertaining to or in any way to the subject matters in connection which it is used and includes originals, all file copies, all other copies, no matter how prepared and all drafts prepared in connection with such writing, whether used or not, including by way of illustration and not by way of limitation, the following; books; records; reports; contracts; agreements; expense accounts; canceled checks; catalogues; price lists; video, audio and other electronic recordings; memoranda (including written memoranda of telephone conversations, other conversations, discussions, agreements, acts and activities); minutes; diaries; calendars; desk pads; scrapbooks; notes; notebooks; correspondence; drafts; bulletins; electronic mail; facsimiles; circulars; forms; pamphlets; notice; statements; journals; postcards; letters; telegrams; publications; inter- and intra- office communications; photostats; photographs; microfilm; maps; drawings; diagrams; sketches; analyses; electromagnetic records; transcripts;

and any other documents within defendant's possession, custody or control from which information can be obtained or translated, if necessary, by detection devices into reasonably usable form, i.e. typed in English prose.

5. "Communication" or "communications" means any and all inquiries, discussions, conferences, conversations, negotiations, agreements, meetings, interviews, telephone conversations, letters correspondence, notes telegrams, facsimiles, electronic mail, memoranda, or other forms of communications, including but not limited to both oral and written communications.

6. "Produce" and "provide" mean to provide either a legible true copy of the original or any document and/or communication.

7. "Relate to," "relating to," "concerning," "pertain," and "pertaining to," mean consisting of, referring to, reflecting or arising out of, evidencing or in any way legally, logically, or factually connected with the matter discussed, directly or indirectly.

8. "Identify," "identifying," and "identification" when referring to a person mean to provide an identification sufficient t notice a deposition of such person and to serve such person with process to require his or her attendance at a place of examination and shall include, without limitation, his or her full name, present or last known address, present or last known business affiliation, home and business telephone number, title or occupation, each of his or her positions during the applicable period of time covered by any answer referring to such person and relationship, if any, to the Defendant.

9. "Computer system" refers to any computer, hard drive, or data storage system owned, operated, and/or maintained by the Defendant corporation.

10. "Identify," "identifying," and "identification" when used in reference to a writing or document mean to give a sufficient characterization of such writing or document to properly identify it in a request to produce and shall include, without limitation, the following information with respect to teach such document:
    - the date appearing on such document, and if it has no date, the answer shall so state and shall give the date or approximate date such document was prepared;
    - the identity or descriptive code number, file number, title or label of such document;
    - the general nature and description of such document, and if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;
    - the names of the person(s) to whom such document was addressed and the name of each person other than such addressee to whom such document or copies of it, were given or sent;

- the name(s) of the person(s) having present possession, custody, or control of such document(s); and
- whether or not any draft, copy or reproduction of such document contains any postscripts, notations, changes or addendum not appearing on the document itself, and if so, the answer shall give the description of each such draft, copy or reproduction.

11. In answering these interrogatories, the Defendant is requested to furnish not only such information as is available to the Defendant but also such information as is known to any of the Defendant's agents, representatives, employees, servants, consultants, contractors, subcontractors, investigators, attorneys, and any other person or entity acting or purporting to act on behalf of the Defendant.

12. In any matter responsive to any of the interrogatories to which the Defendant chooses to assert a right of privilege to not respond the Defendant shall set forth completely the grounds for such asserted privilege, along with any written materials upon which such assertion is made. The Defendant shall identify as to each privileged communication or document:
    - its date;
    - its author(s);
    - the business title or position of its author(s);
    - its recipient(s);
    - the business title or position of its recipient(s);
    - its number of pages;
    - its stated subject matter;
    - the legal basis upon which the agency claims privilege;
    - the specific portion of the interrogatory or document to which the communication or document is responsive.

13. Documents are to be labeled to indicate the interrogatory to which they respond. In order to simplify the issues and resolve as many matters of fact as possible before hearing, if, following a reasonable and thorough investigation using due diligence, you are unable to answer any interrogatory, or any part thereof, in full, because sufficient information is not available to you, answer the interrogatory to the maximum extent possible, including any knowledge or belief you have concerning the unanswered portion thereof and the facts upon which such knowledge or belief is based. In addition, state what you did to locate the missing information and why that information is not available to you.

14. When an exact answer to an interrogatory is not known, state the best estimate available, state that it is an estimate, and state the basis for such estimate. If documents once in your possession or under your control are requested or are the subject of an interrogatory, and such documents are no longer in your possession or under your control, state when such documents were must

recently in your possession or under your control, and what disposition was made of them, including identification of the person now in possession of or exercising control over such documents. If the documents were destroyed, state when and where they were destroyed, and identify the person or persons who directed their destruction.

15. All of the following interrogatories shall be continuing in nature until the date of the hearing, and you must supplement your answers as additional information becomes known or available to you.

**PLEASE NOTE:** *IF ANY INTERROGATORY OR REQUEST IS OBJECTIONABLE, PLEASE CALL COUNSEL FOR THE PLAINTIFF BEFORE OBJECTING, IN ORDER TO ATTEMPT TO NARROW THE QUESTION OR AVOID THE OBJECTIONABLE PORTION OR ASPECT. IDENTIFY ALL DOCUMENTS ASSOCIATED WITH EACH INTERROGATORY.*

## PLAINTIFF'S INTERROGATORIES

1. Identify all persons answering or supplying information used in answering these Interrogatories.

2. State and describe in detail all evidence including documents, affidavits and/or statements upon which you intend to rely.

3. Please list the amount of employee files that have been known to have been lost or misplaced at Kaufman Enterprises, Inc. for each year from the year 2000 through to the year 2011; list the name or initials of the employee for each year.

4. What is the name of the company (or companies) and the contact information of the company (or companies) that provides and maintains the computer software on the computer systems utilized by KEI for its business operations since the year 2000?

5. Please list (if any) those computers in the KEI computer system where files pertaining to Mr. Leon Hunter's employment with KEI might be found?

6. Addressed to Josh Kaufman:  Was Mr. Leon Hunter ever a valuable member of your management team?

7. Addressed to Al Stroveglia:  Did you ever sit down with Plaintiff to address his personal concerns about his health?

8. The free space actual dimensions of the room where the drive thru presenter window is taking into account the dimensions of the room when empty and the dimensions of the room with the McDonald's food equipment in place.

9. How many video camera's are installed in the Levittown McDonald's store?

10. What is the name of the company and the contact information of the company that installed the video camera's installed in the Levittown McDonald's store?

11. What is the name of the company and the contact information of the company that services and maintains the video camera's installed in the Levittown McDonald's store if different from the answer to interrogatory number #10?

12. Addressed to Josh Kaufman: Why was Myra Harris transferred from the Amityville McDonald's store to the Massapequa McDonald's store?

13. Please state the name of the present GM of the Levittown McDonald's store and list the length of time this person has been the GM of that store?

14. Please state the name of the present GM of the Farmingdale McDonald's store and list the length of time this person has been the GM of that store?

15. Please state the name of the present GM of the Massapequa McDonald's store and list the length of time this person has been the GM of that store?

16. Please state the name of the present GM of the Amityville McDonald's store and list the length of time this person has been the GM of that store?

17. How many GM's has the Amityville store had since January 1, 2000?

18. What is meant by the phrase "active for 6 months" as contained in a letter written by Denis Stickleman on 3/24/2006?

19. When was the language used on page 25 of the current version of the "Management Handbook" (used by KEI) and page 24 of the current version of the "Crew Handbook" (used by KEI) most recently updated?

20. Is Ed Miller certified or empowered to teach Nassau County and Suffolk County food safety classes that deal with different types of illnesses?

21. Has Ed Miller ever taught preparation classes to help managers complete their Systems Management self study books?

22. Has Denis Stikelman ever taught preparation classes to help managers complete their Systems Management self study books?

23. What classes has Ed Miller taught in the context of his employment at KEI?

24. Are the pay raises given to KEI employees based mainly upon job performance and reliability?

                            Respectfully Submitted,

                            _____
                            William Timmons, Esq.

                            25 Candee Avenue
                            Sayville, New York 11782
                            (631) 750-5980
                            Attorney for Plaintiff Leon Hunter

                            Dated: March 22, 2011