# SEYFARTH SHAW LLP
ATTORNEYS

620 Eighth Avenue
New York, New York 10018
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
(212) 218-5507

Writer's e-mail
dkesselman@seyfarth.com

May 4, 2011

**VIA ECF**

Honorable A. Kathleen Tomlinson
United State Magistrate Judge
United States District Court, Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722-9014

      Re:    <u>Hunter v. Kaufman Enterprises, Inc., 09-CV-5540 (JS)(AKT)</u>

Dear Judge Tomlinson:

      We write on behalf of defendant Kaufman Enterprises, Inc. ("KEI") in accordance with Your Honor's directives at the May 2, 2011 telephonic status conference concerning Plaintiff's attempt to seek additional and overly broad discovery well after discovery closed. Plaintiff's contention that his supplemental discovery requests go to the "core of the issues" in this proceeding is untrue, and in addition to being untimely, Plaintiff's supplemental discovery requests are overly broad, irrelevant to the narrow retaliation claim at issue, and if permitted, would pose an undue burden on KEI and unnecessarily delay these proceedings.

      As Your Honor noted during the conference, the time for discovery was previously extended, and on January 18, 2011 order, the deadline to conclude discovery in this matter was set as March 22, 2011. Indeed, by January, extensive discovery had already been undertaken. Plaintiff served his First Request for the Production of Documents and Interrogatories on October 15, 2010. KEI timely responded to Plaintiff's October 15th demands, and produced additional documents in response to supplemental email demands made by Plaintiff on December 28, 2010 and January 7, 2011 (attached hereto as Exhibits A and B respectively). Depositions were completed by January 6, 2011. The Plaintiff had ample time after the completion of depositions to serve any supplemental discovery requests, and indeed, one of his requests on January 7, 2011 was the result of such depositions. Rather than do so, Plaintiff did not seek any further discovery until March 22, 2011.

      It is well-settled that a demand for production that is not served until the very end of discovery is untimely and should therefore be denied. <u>Jones v. Hirschfeld</u>, 2003 WL 21415323, at *4 n.13 (S.D.N.Y. 2003) ("the discovery deadline date is the date on which discovery should be complete; it is not the last date on which a party can serve discovery requests..."); <u>Gavenda v. Orleans County</u>, 182 F.R.D. 17, 20 (W.D.N.Y. 1997) ("Allowing document demands to be served at the very end of the discovery period would impermissibly extend the discovery period" set by the court). Here, Plaintiff admits that he could have requested this information well within the Court ordered discovery period and that there was nothing new that prevented this, in fact noting in his

BRUSSELS   WASHINGTON, D.C.   SAN FRANCISCO   SACRAMENTO   NEW YORK   LOS ANGELES   HOUSTON   CHICAGO   BOSTON   ATLANTA



May 2, 2011 letter that the information he now seeks have been "in play since the onset of his action." Courts correctly routinely deny requests to extend discovery where a party had ample time to request information yet simply waited until the very last minute to do so without any sound justification. See Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 927 (2d Cir. 1985) (denying plaintiff's request to reopen discovery because plaintiff had "ample time in which to pursue the discovery that it now claims is essential"); Yrityspankki Skop Oyj v. Delta Funding Corp., 1999 U.S. Dist. LEXIS 17463 (S.D.N.Y. Nov. 9, 1999) (denying request to reopen discovery because party was fully aware of the relevance of the information in question during discovery and could have developed the information at that time).

Moreover, Plaintiff's requests are profoundly overly broad, highly burdensome, irrelevant, and, if permitted, will unnecessarily delay this matter even further.[1] With respect to the Plaintiff's supplemental request for documents, many of these documents have already been produced to the extent that KEI is in possession of them (Doc. Req. Nos. 1-5), or, do not exist (Doc. Req. Nos. 6-9, 11-13, 18). Many of the requests are for documents that are either outside the timeframe relevant to this proceeding (Doc. Req. Nos. 14-15 (seeking documents back to 2004 when Plaintiff was terminated in 2009), are irrelevant to this case (Doc Req. Nos. 14-17[2] and 20-23), or are overly burdensome and will require significant efforts and expense (Doc. Req. Nos. 14, 15, 19).

Plaintiff's supplemental interrogatories similarly request information irrelevant to his claim of retaliation (Inter. Nos. 4, 6-7, 12-19, 22, 24), and many could have and should have been asked through depositions or earlier in discovery.[3] Others serve no purpose (Inter. Nos. 3). Furthermore, several interrogatories request information concerning outside vendors utilized by KEI to install and maintain certain video equipment as well as other information regarding KEI's operations that aside from being overbroad, could have been requested long ago. (Inter Nos. 5, 8-11).

Plaintiff's last minute attempt to burden KEI with improper discovery after the close of discovery should not be permitted and unfairly prejudices KEI. R.C.M. Executive Gallery Corp. v. Rols Capital Co., 1996 U.S. Dist. LEXIS 639 (S.D.N.Y. Jan. 24, 1996) (denying extension and noting that defendants "are prejudiced if they are unable to rely on court-imposed deadlines, and judicial efficiency is impaired if such deadlines are ignored with impunity. Here, any prejudice that the plaintiffs may suffer is attributable to counsel's inability to adhere to a reasonable schedule."). KEI respectfully request that the Court deny Plaintiff's effort to extend discovery here as an improper burden and prejudice to KEI.

---

[1] KEI was limited to two pages to address Plaintiffs' 23 new document requests and 24 new interrogatories, and therefore we note issues in summary form. KEI is available to provide additional information at the Court's request.

[2] Plaintiff here seeks a fishing expedition for documents about people who his deposition testimony showed were not involved in circumstances remotely similar to his own. For example, Plaintiff testified in his deposition that two of the individuals listed looked at a female friend of Plaintiff's who had visited the store, but made no comments about her, and when he told them not to look at women that way as it was against company policy, they never did so again, and Mr. Hunter never reported them. This case is about Plaintiff's allegations that he suffered retaliation for raising complaints of discrimination, and his testimony about these individuals had nothing to do with same.

[3] Indeed, several of Plaintiff's interrogatories (Inter. Nos. 20-21, 23) concern Ed Miller, who Plaintiff actually deposed.

13361787v.2



Honorable A. Kathleen Tomlinson
May 4, 2011
Page 3

Respectfully submitted,

SEYFARTH SHAW LLP

/s/ Dov Kesselman
Dov Kesselman

cc: William Timmons, Esq. (via ECF)

13361787v.2

# EXHIBIT A

## Kesselman, Dov

**From:** otzotzo@aol.com
**Sent:** Tuesday, December 28, 2010 4:32 PM
**To:** Kesselman, Dov
**Subject:** Hunter v. Kaufman inquiry

Dear Mr. Kesselman,

Mr. Hunter has specified that he would like the order for the Tuesday, January 4, 2011, 1:00 PM deposition at the Central Islip courthouse to be:
1) Angii Kapoor
2) Jackie Buckley
3) Edward Miller

<u>Mr. Hunter has also requested that the following blank form be produced (on 12/30/10, if possible, or on 1/4/11 at the least):</u>
A blank, unused 3 paged so entitled "Corrective Action Form" containing white /pink/yellow sheets that has been utilized by Kaufman Enterprises, Inc. and/or the McDonald's Corporation for the purposes of putting employees into awareness of disciplinary actions taken against them and/or corrective actions required.

Additionally, after reviewing the reply to Mr. Hunter's request for discovery in Hunter v. Kaufman I have noted that Kaufman Enterprises (KE) has been unable to locate Mr. Hunter's personnel file. As such, there has been no production of any documentation from KE that is contemporaneous with the event upon which his lawsuit is based.

Can you please, in fact, confirm that **1)** Mr. Hunter's personnel file is still missing, and that **2)** no such contemporaneous documentation can be expected to be produced?

Sincerely,

William Timmons, Esq.
(631) 750-5980

---

The information contained in this transmission is attorney privileged and/or confidential information intended for the use of the individual or entity named above.

If the reader of this message is not the intended recipient, you are notified that any dissemination, distribution, or copying of this communication is strictly prohibited.

5/3/2011

# EXHIBIT B

## Kesselman, Dov

**From:** LEON HUNTER [leonhunter411@hotmail.com]
**Sent:** Friday, January 07, 2011 4:42 PM
**To:** Kesselman, Dov
**Subject:** Important requests
**Importance:** High

Hello Mr. Kesselman,

Here are a few things I feel we need.

1) ANGII KAPOORS TIME PUNCHES (EDITS) FOR JANUARY 19th thru FEB 28th!!!!

2) THE JANUARY 56 SCORE MYSTERY SHOP 2009.

3) THE HOURLY DRIVE THRU TIMES FOR THURSDAY 29TH 2009/FRIDAY 30th 2009.

4) THE COMPUTER GENERATED CORRECTIVE ACTION FORM.

Thank you on this important matter.

Leon Hunter.